## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL R. CAHILL, TRUSTEE of THE HUNT IRREVOCABLE TRUST and of THE HUNT LEGACY TRUST, | ) ) ) | |
| | ) | |
| Plaintiffs/Counterclaim Defendants, | ) ) | |
| | ) | |
| v. | ) ) | C.A. No. 21-679-WCB |
| | ) | |
| AIR MEDICAL GROUP HOLDINGS, INC., | ) ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) ) | |

## DEFENDANT AIR MEDICAL GROUP HOLDINGS, INC.'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant Air Medical Group Holdings, Inc. ("Air Medical") moves for judgment on the pleadings (the "Motion") against Plaintiffs The Hunt Irrevocable Trust ("Hunt Trust"), The Hunt Legacy Trust ("Legacy Trust," and together with Hunt Trust, the "Trusts"), and Michael R. Cahill (together with the Trusts, the "Plaintiffs").

## STATEMENT OF FACTS

1.      Air Medical relies on the facts set forth in Plaintiffs' Amended Complaint (D.I. 11) and the documents relied upon by Plaintiffs in that pleading.  These facts are accepted as true for purposes of this Motion only.

2.      In April 2016, a stray mail cart hit an aircraft (the "N5DM Aircraft") owned by Valley Med, one of Plaintiffs' companies.  Am. Compl. ¶ 7.  The N5DM Aircraft suffered significant damage in the accident.  *Id.*  On October 6, 2016, Plaintiffs filed a complaint against the owner of the mail cart for negligence (the "Negligence Lawsuit") seeking to recover lost profits and other damages in addition to property damage.  *Id.* at ¶¶ 9-10.

3.      On April 14, 2017, Air Medical paid almost $750,000,000 to purchase various assets, including Valley Med, from the Trusts as memorialized in that certain Purchase and Sale Agreement by and among the Hunt Trust, Legacy Trust, and Air Medical (the "Purchase and Sale Agreement").  The Purchase and Sale Agreement is attached as Exhibit 1.

4.      Section 9.08 of the Purchase and Sale Agreement states:

> The obligations to indemnify and hold harmless an Indemnitee in respect of a breach of representation, warranty, covenant or agreement shall terminate on the Survival Date with respect to such representation, warranty, covenant or agreement, and no claim for indemnification hereunder may be made after the expiration of such Survival Date. . . .

Ex. 1 at § 9.08.  The parties agreed to provide written notice of any claim for indemnification.  *Id.* at § 9.06 ("Any Person making a claim for indemnification . . . shall notify the indemnifying party . . . in writing promptly . . . describing in reasonable detail the claim, the amount thereof (if known and quantifiable), the basis thereof and the provisions of this Agreement upon which such claim for indemnification is made . . . .").

5.      The Purchase and Sale Agreement defines "Survival Date" to "mean the eighteen (18)-month anniversary of the Closing Date."  *Id.* at § 9.01 ("The representations, warranties, covenants, and agreements set forth in this Agreement shall survive the execution and delivery of this Agreement and the consummation of the transactions contemplated herby until the Survival Date and shall thereafter be of no force or effect.").

6.      The Purchase and Sale Agreement provides a process whereby all property being retained by the sellers is transferred prior to closing.  Section 6.06(a) of the Purchase and Sale Agreement provides:

> Sellers shall (at their sole cost and expense) implement the transactions described in Exhibit E-2 (the "Restructuring Plan") in accordance with the steps (including any elections) described therein, including (i) the transfer to Sellers or their designee of all the Companies' right, title and interest in the assets and property

2

listed on Exhibit E-1 under the heading "Retained Property"), and, at the time of transfer, Sellers or their designee shall assume all Liabilities (whether arising prior to, on or after the Closing) arising out of the Retained Property (the "Retained Liabilities") (it being acknowledged that the parties have agreed that the Retained Property is not being sold to, and the Retained Liabilities are not being assumed by, Buyer) . . . Sellers shall provide buyer with all documentation relating to the Restructuring Plan no later than five (5) Business Days prior to the execution of documentation, the consummation of such transfers or the filing of any forms (including any election forms) and other matters relating to such transfers.

*Id.* at § 6.06(a). Section 6.06(b) provides that "[i]f any Retained Property or Retained Liabilities remain vested in any Company following the Closing, Buyer shall take and shall cause such Company to take all actions necessary to promptly transfer such Retained Property at Sellers' sole cost and expense." *Id.* at 6.06(b).

7.      Section 9.10 of the Purchase and Sale Agreement provides:

FROM AND AFTER THE CLOSING . . . THE CONTRACTUAL RIGHT TO INDEMNIFICATION UNDER THIS ARTICLE IX . . . SHALL CONSTITUTE THE SOLE AND EXCLUSIVE RIGHT AND REMEDY AVAILABLE TO THE BUYER INDEMNIFIED PARTIES AND THE SELLER INDEMNIFIED PARTIES FOR ANY AND ALL LOSSES OR OTHER CLAIMS RELATING TO OR ARISING FROM BREACHES OF THIS AGREEMENT PRIOR TO CLOSING AND THE TRANSACTIONS CONTEMPLATED HEREBY TO OCCUR PRIOR TO CLOSING. . . .

*Id.* at § 9.10.

8.      The transaction closed on July 19, 2017 (the "Closing Date").

9.      In March 2020, the Negligence Lawsuit settled, and the settlement proceeds were paid to Air Medical. Am. Compl. ¶ 20.

10.      Nearly four years after the Closing Date, on May 10, 2021, Plaintiffs filed this suit to recover the $300,000 in costs that it paid to repair the N5DM Aircraft from the Negligence Lawsuit's settlement proceeds. D.I. 1.

11.      On July 6, 2021, Air Medical moved to dismiss the Complaint because, amongst other reasons, Plaintiffs claims are time barred. D.I. 10. Following briefing on the motion to

dismiss, on February 4, 2022, Chief U.S. Magistrate Judge Thynge filed a Report & Recommendation that recommended the motion to dismiss be denied.  D.I. 18.  Air Medical objected to the Report & Recommendation, D.I. 21, and following briefing, the Court entered a Memorandum Order adopting the Report & Recommendation and denying the motion to dismiss. D.I. 24.

12.     After discovery, the parties filed cross-motions for summary judgment.  D.I. 63, 64.  The Court granted Air Medical's motion for summary judgment with respect to the Plaintiffs' unjust enrichment claim and denied the motion in all other respects.  D.I. 95.  The Court granted the Plaintiffs' motion for summary judgment with respect to Air Medical's counterclaims and denied the motion in all other respects.  *Id.*  The Court held that Air Medical's indemnification counterclaim was time barred and distinguished the Court's earlier holding at the motion to dismiss stage.  *Id.* at 15 n.8.  Specifically, the Court stated:

> Neither party [at the motion to dismiss stage] referred to Section 9.08 of the Purchase Agreement, which separately provides that claims for indemnification must be made prior to the expiration of the Survival Date.  Accordingly, the parties' arguments on the motion to dismiss do not affect the analysis of the time bar under section 9.08 of the Purchase Agreement.

*Id.*

13.     Air Medical now moves for judgment on the pleadings on Plaintiffs remaining breach of contract claim.

## LEGAL STANDARD

14.     "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and exhibits thereto, and documents incorporated by

reference." *Int'l Bus. Machines Corp. v. Groupon, Inc.*, 289 F. Supp. 3d 596, 600 (D. Del. 2017). "A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss filed pursuant to Rule 12(b)(6)." *Tozer v. Darby PA*, C.A. No. 13-2005, 2014 WL 1378817, at *2 (E.D. Pa. Apr. 7, 2014).

15.     Whether a claim is barred by a limitations period is particularly appropriate for judgment on the pleadings. *Luczkovich v. Melville Corp.*, 911 F. Supp. 208, 209 (E.D. Va. 1996) ("A Rule 12(c) motion is especially appropriate 'when the statute of limitations provides an effective bar against plaintiff's claim and the entire controversy may be disposed of by a pretrial summary motion.'") (quoting 5A Wright & Miller, Federal Practice and Procedure Civil 2d, § 1367 at 511 (1990)); *see also S & S Constr., Inc. v. Reliance Ins. Co.*, 42 F. Supp. 2d 622, 623 (D.S.C. 1998) (granting Rule 12(c) motion and stating that "[w]hen the statute of limitations is alleged as a bar to Plaintiff's claims, a motion under Rule 12(c) is appropriate"). Courts in the Third Circuit have considered whether claims are time-barred pursuant to Rule 12(c) motions for judgment on the pleadings. *Tozer*, 2014 WL 1378817, at *4; *Christopher v. First Mut. Corp.*, C.A. No. 05-1149, 2007 WL 2972561, at *7-8 (E.D. Pa. Oct. 10, 2007) (granting Rule 12(c) motion because claims were time-barred).

## ARGUMENT

16.     The Court should grant Air Medical's motion for judgment on the pleadings because Plaintiffs' breach of contract claim is time barred under applicable limitations periods. Section 9.08 of the Purchase and Sale Agreement states that "no claim for indemnification" can be made "after the expiration of [the] Survival Date." Ex. 1 at § 9.08. The "Survival Date" is the eighteen-month anniversary of the Closing Date. *Id.* at § 9.01. The Closing Date was July 19, 2017, and therefore, the "Survival Date" was eighteen-months later, on January 19, 2019 (the

"Survival Date"). Plaintiffs filed their complaint on May 10, 2021, nearly four years after the Closing Date and over two years after the Survival Date. Plaintiffs simply waited far too long to assert their claim for breach of contract.

17.     Through that claim, Plaintiffs seek to be indemnified for the $300,000 in costs that they paid to repair the N5DM Aircraft by recovering the Negligence Lawsuit's settlement proceeds from Air Medical. The Purchase and Sale Agreement does not include any provisions, rights, or remedies other than indemnification that would allow Plaintiffs to recover the relief they seek here. *See HBMA Holdings, LLC v. LSF9 Stardust Holdings LLC*, C.A. No. 12806-VCMR, 2017 WL 6209594, at *1 (Del. Ch. Dec. 8, 2017) (dismissing because "the only available breach of contract claim under the purchase agreement [was] an indemnification claim for breach of a covenant" and "the [contractual] statute of limitations ha[d] run for any indemnification claims under the purchase agreement"). Accordingly, Plaintiffs needed to bring their claim for indemnification before the expiration of the Survival Date. Their failure to do so here is fatal under Section 9.08.

18.     This is because the survival clause in Section 9.08 "represents bargained-for 'risk allocation'" between the parties. *Pilot Air Freight, LLC v. Manna Freight Sys., Inc.*, C.A. No. 2019-0992-JRS, 2020 WL 5588671, at *16 (Del. Ch. Sept. 18, 2020). Here, the parties bargained for an eighteen-month survival period, establishing an outside date beyond which the parties' obligations under the Purchase and Sale Agreement no longer exist. *See Winshall v. Viacom Int'l Inc.*, C.A. No. 6074-CS, 2012 WL 6200271, at *8 (Del. Ch. Dec. 12, 2012). Thus, the parties could reasonably expect that after the eighteen-month survival period, all matters relating to the Purchase and Sale Agreement would be finally resolved.[1]

---

[1] In addition to providing the parties with certainty, the survival period also protects against the prejudice caused by fading memories—an issue highlighted by the contradictory testimony in this case. *See Chaplake Hldgs., LTD. v. Chrysler Corp.*, 766 A.2d 1, 6 (Del. 2001) ("Statutes of

19.     For this reason, Delaware courts routinely dismiss claims brought after contractual limitations periods. *See Winshall*, 2012 WL 6200271, at *8 (holding that a claim was time-barred because the agreement "made clear that all claims for indemnification must be brought within 18 months of closing"); *see also Pilot Air Freight*, 2020 WL 5588671, at *16 (dismissing untimely claims); *Eni Hldgs., LLC v. KBR Grp. Holdings, LLC,* C.A. No. 8075-VCG, 2013 WL 6186326, at *6 (Del. Ch. Nov. 27, 2013) ("I find that the parties unambiguously created a contractual period of limitation for breaches of Non-Fundamental Representations, which period expired on March 23, 2012, before KBR brought these claims."); *Sterling Network Exchange, LLC v. Digital Phoenix Van Buren, LLC,* C.A. No. 07C-08-050WLW, 2008 WL 2582920, at * 1 (Del. Super. Mar. 28, 2008) (dismissing action as time-barred where the survival clause "limit[ed] the survival of representations and warranties to six months after closing").

20.     For example, in *Winshall*, the indemnitee attempted to bring new claims for indemnification after the eighteen-month survival period by relying on a letter where it "reserved its rights to 'seek indemnification for any other claims or matters . . . by other third parties.'" *Winshall*, 2012 WL 6200271, at *8.  The Court of Chancery rejected that argument holding:

> This would constitute a unilateral rewriting of the contract and is impermissible. . . . Under § 8.1 of the Merger Agreement, the Sellers had "no liability with respect to any claim for any breach . . . of any representation or warranty" unless Viacom notified Winshall "in writing of such a claim" within 18 months of the closing date. Viacom did not notify Winshall of Konami's claim.  It is irrelevant that Viacom notified Winshall of the alleged breach of the representations and warranties before this time, as Viacom argues, because the Merger Agreement refers to notification of claims.

*Id.*

---

limitation are designed to avoid the undue prejudice that could befall defendants, after the passage of an unreasonable amount of time, due to the loss of evidence, disappearance of witnesses, or fading memories.").

21.     In so ruling, the Court of Chancery emphasized that "[t]he Sellers bargained to indemnify Viacom for claims brought within 18 months, not claims brought after 18 months."  *Id.* So too here.  As in *Winshall*, Plaintiffs failed to notify Air Medical of their indemnification claim within the survival period.[2]  *See* Ex. 1 at § 9.06 ("Any Person making a claim for indemnification . . . shall notify the indemnifying party . . . in writing promptly . . . describing in reasonable detail the claim, the amount thereof (if known and quantifiable), the basis thereof and the provisions of this Agreement upon which such claim for indemnification is made . . . .").  Accordingly, the claim is time barred.  *See Friedman Fleischer & Lowe, LLC v. Accentcare, Inc.*, C.A. No. 12026-VCL, 2016 WL 6967898, at *3 (Del. Ch. Nov. 29, 2016) ("When parties have shorted the statute of limitations by providing that that representations and warranties survive only through a specified date, the party claiming breach must file suit within the specified time period.").

22.     Such a finding is also consistent with the Court's summary judgment ruling in this case, which held that Air Medical's nearly identical breach of contract counterclaim was time barred.  D.I. 95. As the Court identified in its Order, Section 9.08 of the Purchase and Sale Agreement "unequivocally provides that 'no claim for indemnification hereunder may be made after the expiration of [the] Survival Date,' which is . . . the 18-month anniversary of the [C]losing [D]ate."  D.I. 95 at 15; Ex. 1 at § 9.08.  Plaintiffs failed to make an indemnification claim before the Survival Date and alleged "no evidence to the contrary."  D.I. 95 at 15.[3]

---

[2] And, unlike *Winshall*, the Trusts did not even attempt to reserve their rights or otherwise put Air Medical on notice that it intended to pursue this claim.

[3] The rulings on Air Medical's Motion to Dismiss do not preclude this finding.  In response to its argument that Plaintiffs took the exact opposite position on the timeliness of its claims at the motion to dismiss stage, the Court found that "[n]either party [at that stage] referred to Section 9.08 of the Purchase Agreement, which separately provides that claims for indemnification must be made prior to the expiration of the Survival Date."  *Id.* at 15 n.8.  The Court reasoned that "the parties' arguments on the motion to dismiss do not affect the analysis of the time bar under section 9.08 of the Purchase Agreement."  *Id.*

8

23.     Thus, Plaintiffs "failed to make a timely request for indemnification under the Purchase Agreement" and their breach of contract claim is time barred.  *Id.*  Such a result is consistent with the terms of the Purchase and Sale Agreement, Delaware law, and the nature of the parties' claims—if Air Medical's breach of contract counterclaim is time barred under Section 9.08, then Plaintiffs' breach of contract claim is also time barred under that provision.  Indeed, given the interconnected nature of Retained Property and Retained Liability in the Purchase and Sale Agreement, finding that Plaintiffs' claim for Retained Property is timely, while Air Medical's claim related to a Retained Liability is not, would be highly prejudicial to Air Medical as well as illogical.

24.     Separate from Section 9.08, Plaintiffs' claim is also time barred because it seeks indemnification for violation of a pre-closing covenant under Section 6.06(a).  The survival clause in Section 9.01 provides that claims for breach of pre-closing covenants shall survive for eighteen-months from the Closing Date.  Ex. 1 at § 9.01.  Section 9.10 states that indemnification is the sole and exclusive remedy available for claims related to or arising from pre-closing breaches of the Purchase and Sale Agreement.  *Id.* at § 9.10.  Thus, Plaintiffs' claim that Air Medical breached a pre-closing covenant is necessarily for indemnification, and therefore, that claim is time barred for being brought after the expiration of the Survival Date.

25.     Any argument that Plaintiffs' claim is derived from a breach of Exhibit E-1 and/or Schedule 4.13(b) is irrelevant.  Exhibit E-1 and Schedule 4.13(b) do not themselves impose any obligations and cannot be breached.  *See VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003) (stating the elements for a breach of contract claim are: the existence of a contract, the breach of an obligation imposed by that contract, and resulting damages to the plaintiff).

9

26.     To the extent Plaintiffs argue that Air Medical breached Section 6.06(b), any such breach occurred following closing in 2017 when Air Medical failed "to promptly transfer [the Negligence Lawsuit] at Sellers' sole cost and expense."  Ex. 1 at § 6.06(b).  That being the case, Plaintiffs should have filed suit when they realized the Negligence Lawsuit was omitted from the restructuring plan.  Plaintiffs failed to timely do so and any such claim for breach of contract is now barred by the statute of limitations.

27.     The statute of limitations for a claim for breach of contract is three years.  10 *Del. C.* § 8106.  To the extent Plaintiffs' breach of contract claim seeks indemnification for Air Medical's alleged failure to pay for Plaintiffs' costs to repair the N5DM Aircraft by transferring the rights to the Negligence Lawsuit "promptly" after closing, the statute of limitations has passed.  Ex. 1 at § 6.06(b).  The statute of limitations expired approximately three years after the Closing Date, well before Plaintiffs notified Air Medical of any indemnification claim or filed suit.

28.     Any argument that the language of Section 9.01 invokes the 20-year statute of limitations in 10 *Del. C.* § 8106(c) is inapposite.  *See Hydrogen Master Rights, Ltd. v. Weston*, 228 F. Supp. 3d 320, 329-30 (D. Del. 2017) (holding that because the relevant agreement did not expressly address accrual of the claim, the Court could not "infer an intent to extend the limitations period under Section 8106(c)").  The Court should not infer an intent to extend the limitations period here either and any claim for breach is expired.

## CONCLUSION

29.     For the reasons stated herein, Air Medical respectfully requests that the Court grant its motion for judgment on the pleadings and dismiss Plaintiffs' breach of contract claim.

POTTER ANDERSON & CORROON LLP

By: */s/ Jaclyn C. Levy*
    Jonathan A. Choa (#5319)
    Jaclyn C. Levy (#5631)
    Callan R. Jackson (#6292)
    P. Andrew Smith (#7117)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    (302) 984-6000
    jchoa@potteranderson.com
    jlevy@potteranderson.com
    cjackson@potteranderson.com
    asmith@potteranderson.com

Dated:  September 22, 2023        *Attorneys for Defendant*